IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| SHERI BUTLER BROCKINGTON, on behalf of herself and others similarly situated, | : : : | CIVIL ACTION FILE NO. |
| Plaintiff, | : : | |
| v. | : : | **COMPLAINT – CLASS ACTION** |
| KOLE JAX DESIGNS LLC | : : : | |
| Defendant. | : : | |

Plaintiff Sheri Butler Brockington (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227) ("TCPA"). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry

stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Ms. Brockington brings this action to enforce the consumer-privacy provisions of the TCPA, alleging that Kole Jax Designs LLC ("Kole Jax" or "Defendant") violated the TCPA by causing solicitation text messages to be delivered to Plaintiff and other putative Class members whose telephone numbers were listed on the National Do Not Call Registry without their written consent.

4. The recipients of Kole Jax's illegal text messages, which include Plaintiff and members of the proposed Class, are entitled to damages under the TCPA, and because the technology used by Kole Jax sends telephone solicitation text messages *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

5. Plaintiff Sheri Butler Brockington is, and at all times mentioned herein was, an individual residing in this District.

6. Defendant Kole Jax Designs LLC is a limited liability company with its principal place of business at 7301 225th Avenue Ct. E, Buckley, WA 98321.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

8. This Court has jurisdiction over Kole Jax because the company sent solicitation text messages into this District.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the telephone solicitations at issue were sent into this District.

## TCPA BACKGROUND

**A.    The National Do Not Call Registry**

10. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

11. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

12. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of

action against any entity that makes those solicitations, or "on whose behalf" such solicitations are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

13. Plaintiff is a "person" as the term is defined by 47 U.S.C. § 153(39).

14. Plaintiff acquired her telephone number, 423-718-XXXX, in December of 2023.

15. Plaintiff's telephone number, 423-718-XXXX, has been on the National Do Not Call Registry since 2013.

16. Plaintiff uses her telephone number for personal, residential, and household purposes.

17. The telephone number is not associated with a business.

18. At no point has Plaintiff sought out or solicited information regarding Defendant Kole Jax's products or services prior to receiving the text messages at issue.

19. Plaintiff has never consented to receive calls or text messages from Defendant.

20. Despite this, Plaintiff has repeatedly received text messages from Defendant, including in at least September, October, November, and December 2024 and January 2025.

21. Some of the text messages are below:









22. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. Plaintiff and Class members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

23. Plaintiff bring this action on behalf of herself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

> All persons throughout the United States (1) who did not provide their telephone number to Kole Jax Designs LLC, (2) to whom Kole Jax Designs LLC delivered, or caused to be delivered, more than one voice message or text message within a 12-month period, promoting Kole Jax Designs LLC goods or services, (3) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before Kole Jax Designs LLC delivered, or caused to be delivered, at least two of the voice messages or text messages within the 12-month period, (4) within four years preceding the date of this complaint and through the date of class certification.

24. Defendant and its employees or agents are excluded from the Class. Plaintiff reserves the right to modify or amend the Class definition, as appropriate, during the course of this litigation.

25. Plaintiff brings all claims in this action individually and on behalf of Class members against Defendant.

### Numerosity

26. Members of the Class are so numerous that their individual joinder is impracticable.

27. On information and belief, based on the technology used to send text messages to Plaintiff, which is used to send text message *en masse*, members of the Class number in the thousands.

28. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

29. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

### Commonality

30. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.

31. Common legal and factual questions include, but are not limited to, whether Defendant have violated the Telephone Consumer Protection Act (2) and whether Class members are entitled to actual and/or statutory damages for the aforementioned violations.

### Typicality

32. The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other Class members, received solicitation text messages from the Defendant without giving them her consent to receive such text messages.

### Adequacy of Representation

33. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously.

34. The interests of Class Members will be fairly and adequately protected by Plaintiff and her counsel.

### Superiority

35. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members.

36. Many Class members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendant's liability.

37. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system. This strain on the parties and the judicial system would be heightened in this case, given the complex legal and factual issues at play.

38. Individualized litigation also presents a potential for inconsistent or contradictory judgments.

39. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

40. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

### COUNT I
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Class)**

41. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 40 as if fully set forth herein.

42. It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c).

43. A text message is a "call" as defined by the TCPA. *See Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) (explaining that a text message is a "call" as defined by the TCPA).

44. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by causing solicitation text messages to be initiated to Plaintiff and members of the Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

45. Defendant's violations were negligent, willful, or knowing.

46. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA's National Do Not Call rule, Plaintiff and members of the Class presumptively are each entitled to an award of up to $500 in damages for each and every violation. 47 U.S.C. § 227(c)(5).

47. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

48. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing solicitations to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

    A.    Injunctive relief prohibiting Defendant from causing telephone solicitation calls or text messages to numbers registered on the National Do Not Call Registry for at least 30 days or using an automated dialer in the future;

    B.    That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

    C.    An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing a Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

    D.    Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff request a jury trial as to all claims of the complaint so triable.

Dated: June 16, 2025

PLAINTIFF, on behalf of herself
and others similarly situated,

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com